**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| LAURA DICKENS, | ) | No. EDCV 07-361 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability benefits.  As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further proceedings.

**I.  BACKGROUND**

Plaintiff Laura Dickens was born on May 2, 1962, and was forty-four years old at the time of her latest administrative hearing. [Administrative Record, "AR," 89, 772.]  She has a high school

1

education (with special education) and no past relevant work
experience. [AR 446.]   Plaintiff alleges disability on the basis of a
learning disorder and pain in her lower back and leg. [AR 126.]

## II.   PRIOR PROCEEDINGS

Plaintiff first applied for supplemental security income ("SSI")
on November 16, 2000, alleging disability since September 16, 2000.
[AR 84.]   The application was denied initially and upon
reconsideration, and plaintiff did not pursue further appeals.
Plaintiff filed a second application (the subject of these
proceedings) on January 14, 2002, alleging disability since September
16, 2000. [Id., AR 89.]   An administrative hearing was held on May 15,
2003, before Administrative Law Judge ("ALJ") F. Keith Varni.   [AR
379.]   Plaintiff appeared with her friend, Harriet Owsley, and
testimony was taken from plaintiff and Ms. Owsley. [Id.]   The ALJ
denied benefits on June 6, 2003. [AR 38.]   On August 14, 2003, the
Appeals Council remanded the case for further proceedings. [AR 73.]   A
second administrative hearing was held on November 4, 2003, during
which plaintiff was granted an extension of time to obtain counsel.
[AR 407-12.]   A third hearing was held on February 5, 2004, before
ALJ Varni. [AR 413.]   Plaintiff appeared with counsel, and testimony
was taken from plaintiff and vocational expert Joseph Mooney. [AR
414.]   The ALJ denied benefits in a decision dated March 8, 2004. [AR
16.]   When the Appeals Council denied review on May 19, 2004, the
ALJ's decision became the Commissioner's final decision. [AR 2.]

Plaintiff filed a complaint in the district court on July 26,
2004 (Case No. EDCV 04-855 CW).   On January 24, 2006, the court issued
a decision and order remanding the matter for further administrative
proceedings.

1    A fourth administrative hearing was held on September 6, 2006,
2    before ALJ Jay Levine. [AR 772.]  Plaintiff appeared with counsel, and
3    testimony was taken from plaintiff and vocational expert Sandra
4    Fioretti. [AR 773.]  The ALJ denied benefits in a decision dated
5    December 7, 2006. [AR 447.]

6        The instant complaint was lodged on March 28, 2007, and filed on
7    April 11, 2007.  On October 17, 2007, defendant filed an answer and
8    plaintiff's Administrative Record ("AR").  On December 21, 2007, the
9    parties filed their Joint Stipulation ("JS") identifying matters not
10   in dispute, issues in dispute, the positions of the parties, and the
11   relief sought by each party.  This matter has been taken under
12   submission without oral argument.

13                     **III.   STANDARD OF REVIEW**

14       Under 42 U.S.C. § 405(g), a district court may review the
15   Commissioner's decision to deny benefits.  The Commissioner's (or
16   ALJ's) findings and decision should be upheld if they are free of
17   legal error and supported by substantial evidence.  However, if the
18   court determines that a finding is based on legal error or is not
19   supported by substantial evidence in the record, the court may reject
20   the finding and set aside the decision to deny benefits.  See Aukland
21   v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
22   Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
23   F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
24   1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
25   1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
26   v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

27       "Substantial evidence is more than a scintilla, but less than a
28   preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence

                                     3

1  which a reasonable person might accept as adequate to support a

2  conclusion." Id.  To determine whether substantial evidence supports

3  a finding, a court must review the administrative record as a whole,

4  "weighing both the evidence that supports and the evidence that

5  detracts from the Commissioner's conclusion." Id.  "If the evidence

6  can reasonably support either affirming or reversing," the reviewing

7  court "may not substitute its judgment" for that of the Commissioner.

8  Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

9  **IV.  DISCUSSION**

10  **A.   THE FIVE-STEP EVALUATION**

11      To be eligible for disability benefits a claimant must

12  demonstrate a medically determinable impairment which prevents the

13  claimant from engaging in substantial gainful activity and which is

14  expected to result in death or to last for a continuous period of at

15  least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at

16  721; 42 U.S.C. § 423(d)(1)(A).

17      Disability claims are evaluated using a five-step test:

18      Step one: Is the claimant engaging in substantial
    gainful activity?  If so, the claimant is found not
19  disabled.  If not, proceed to step two.
        Step two: Does the claimant have a "severe" impairment?
20  If so, proceed to step three.  If not, then a finding of not
    disabled is appropriate.
21      Step three: Does the claimant's impairment or
    combination of impairments meet or equal an impairment
22  listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If
    so, the claimant is automatically determined disabled.  If
23  not, proceed to step four.
        Step four: Is the claimant capable of performing his
24  past work?  If so, the claimant is not disabled.  If not,
    proceed to step five.
25      Step five: Does the claimant have the residual
    functional capacity to perform any other work?  If so, the
26  claimant is not disabled.  If not, the claimant is disabled.

27

28  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended

4

1   April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107
2   S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20
3   C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or
4   "not disabled" at any step, there is no need to complete further
5   steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

6        Claimants have the burden of proof at steps one through four,
7   subject to the presumption that Social Security hearings are non-
8   adversarial, and to the Commissioner's affirmative duty to assist
9   claimants in fully developing the record even if they are represented
10  by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at
11  1288.  If this burden is met, a prima facie case of disability is
12  made, and the burden shifts to the Commissioner (at step five) to
13  prove that, considering residual functional capacity ("RFC")[1], age,
14  education, and work experience, a claimant can perform other work
15  which is available in significant numbers.  Tackett, 180 F.3d at 1098,
16  1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

17       **B.  THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

18       Here, the ALJ found that plaintiff had not engaged in substantial
19  gainful activity since her alleged disability onset date (step one);
20  that plaintiff had "severe" impairments, namely degenerative disc
21  disease of the lumbar spine, status post lumbar spine discectomy,
22  degenerative disc disease of the cervical spine, bilateral

23  _____

24       [1]  Residual functional capacity measures what a claimant can
    still do despite existing "exertional" (strength-related) and
25  "nonexertional" limitations.  Cooper v. Sullivan, 880 F.2d 1152, 1155
    n.s. 5-6 (9th Cir. 1989).  Nonexertional limitations limit ability to
26  work without directly limiting strength, and include mental, sensory,
    postural, manipulative, and environmental limitations.  Penny v.
    Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155
27  n.7; 20 C.F.R. § 404.1569a(c).  Pain may be either an exertional or a
    nonexertional limitation.  Penny, 2 F.3d at 959; Perminter v. Heckler,
28  765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

sensorineural hearing disorder with history of tinnitus, history of asthma, borderline intellectual functioning with a history of learning disorder, history of substance abuse in remission, and history of mood disorder not otherwise specified (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 443.]  The ALJ found plaintiff had an RFC for a range of sedentary work, including in pertinent part, a limitation to entry level work involving routine repetitive tasks and working with things rather than people. [AR 445.]  Plaintiff had no past relevant work (step four). [AR 446.]  The vocational expert testified that a person with plaintiff's RFC could perform work existing in significant numbers, including assembler of buttons and notions, optical assembler and jewelry assembler (step five). [AR 446.]  Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 447.]

### C.  ISSUES IN DISPUTE

The parties' Joint Stipulation identifies the following disputed issues:

1. Whether the ALJ properly considered the opinion of plaintiff's treating physician, Dr. Frederick Lloyd;

2. Whether the ALJ properly considered plaintiff's Global Assessment of Functioning ("GAF") score of 50; and

3. Whether the hypothetical questions posed to the vocational expert adequately incorporated the limitations set out in Dr. Lloyd's opinion and the GAF score.

[JS 3.]

As discussed below, Issue One is dispositive.

1

        **D.    DR. LLOYD**

2    According to the record, plaintiff received treatment at the

3 Rancho Paseo Medical Group from Dr. Frederick Lloyd in 2002 and 2003.

4 [AR 342-56.]  Plaintiff was diagnosed with depression and anxiety and

5 prescribed Effexor, Xanex and Paxil. [AR 344, 347.]  In July 2004, Dr.

6 Lloyd completed a Short-Form Evaluation for Mental Disorders, stating

7 that plaintiff had depression and anxiety. [AR 702-05.]  Upon mental

8 status examination, Dr. Lloyd wrote that plaintiff was irritable and

9 apathetic, mildly impaired in concentration, of average intelligence,

10 anxious but mostly depressed, previously suicidal, and mildly impaired

11 in judgment. [AR 702-04.]  With regard to mental functioning, Dr.

12 Lloyd wrote that plaintiff was "good" in her ability to understand,

13 remember and carry out simple instructions, but "fair" in her ability

14 to understand, remember and carry out complex instructions; maintain

15 concentration, attention and persistence; perform activities within a

16 schedule and maintain regular attendance; complete a normal workday

17 and workweek without interruptions from psychologically based

18 symptoms; and respond appropriately to changes in a work setting. [AR

19 705.]  The evaluation defined "fair" as "the evidence supports the

20 conclusion that the individual's capacity to perform the activity is

21 impaired, but the degree/extent of the impairment needs to be further

22 described." [Id.]  No further description was provided.

23    During the administrative hearing, the ALJ asked the vocational

24 expert whether a person could work when she was, among other things,

25 limited to routine repetitive tasks at entry level and could work with

26 things rather than people. [AR 796.]  The vocational expert responded

27 that there would be assembly work in various industries available. [AR

28 797.]  The ALJ then asked whether such jobs would still be available

1    when the person was "off task" for twenty percent of the time due to
2    pain and/or an inability to maintain concentration, persistence or
3    pace. [Id.]  The vocational expert responded that no work would be
4    available. [Id.]  In the subsequent administrative decision, the ALJ
5    found that plaintiff's RFC enabled her to perform the assembly jobs
6    but did not mention Dr. Lloyd's opinion regarding plaintiff's
7    functional capacity.

8         Although Dr. Lloyd's opinion did not define "fair" as it applied
9    to plaintiff's ability in various areas of mental functioning, the
10   Commissioner has defined "fair" as: "Ability to function in this area
11   is seriously limited, but not precluded." Edlund v. Massanari, 253
12   F.3d 1152, 1154 n. 4 (9th Cir. 2001); see also Form TRC-945 (Medical
13   Assessment of Ability to do Work-Related Activity (Mental)).  The
14   Ninth Circuit has found that such a rating may satisfy the "de
15   minimis" standard of establishing a severe impairment at step two of
16   the sequential evaluation, but has not addressed its impact on the
17   more demanding standard for disability.  See Edlund, 253 F.3d at 1159.
18   As to the latter, courts elsewhere have reached differing conclusions.
19   Compare Cantrell v. Apfel, 213 F.3d 1104, 1107-08 (8th Cir.
20   2000)(holding that a "fair" rating requires ALJ to determine whether
21   claimant falls closer to functional ability or practical disability on
22   ability spectrum), and Colvin v. Barnhart, 475 F.3d 727, 731 (6th Cir.
23   2007)("The plain meaning of 'seriously limited but not precluded' is
24   that one is not precluded from performing in that area.  It defies
25   logic to assert that a finding of 'not precluded' actually means that
26   one is precluded.")(emphases in original), with Cruse v. U.S. Dept. Of
27   Health & Human Services, 49 F.3d 614, 618 (10th Cir. 1995)(holding
28   that a rating of "fair" is evidence of disability and "essentially the

8

1   same as the listing requirements' definition of the term 'marked'").

2       Here, without regard to which standard is applicable, Dr. Lloyd's

3   opinion can be reasonably construed as stating that plaintiff was

4   seriously limited in several areas of mental functioning, including

5   the maintenance of concentration, attention and persistence.

6   Moreover, the vocational expert's testimony – that being "off task"

7   for twenty percent of the time due to a deterioration in

8   concentration, persistence and pace would leave no available jobs –

9   suggests that a serious limitation in that area of mental functioning

10  could amount to disability.  Under these circumstances, further

11  proceedings are required for consideration of Dr. Lloyd's opinion and

12  additional inquiry regarding plaintiff's mental functional capacity as

13  it relates to other jobs in the national economy.

14          **E.   REMAND FOR FURTHER PROCEEDINGS**

15      The decision whether to remand for further proceedings is within

16  the discretion of the district court.  <u>Harman v. Apfel</u>, 211 F.3d 1172,

17  1175-1178 (9th Cir. 2000).  Where no useful purpose would be served by

18  further proceedings, or where the record has been fully developed, it

19  is appropriate to exercise this discretion to direct an immediate

20  award of benefits.  <u>Harman</u>, 211 F.3d at 1179 (decision whether to

21  remand for further proceedings turns upon their likely utility).

22  However, where there are outstanding issues that must be resolved

23  before a determination can be made, and it is not clear from the

24  record that the ALJ would be required to find the claimant disabled if

25  all the evidence were properly evaluated, remand is appropriate.  <u>Id</u>.

26  Here, as set out above, outstanding issues remain before a finding of

27  disability can be made.  Accordingly, remand is appropriate.

28

1

**V.   ORDERS**

2       Accordingly, **IT IS ORDERED** that:

3       1.   The decision of the Commissioner is **REVERSED**.

4       2.   This action is **REMANDED** to defendant, pursuant to Sentence

5  Four of 42 U.S.C. § 405(g), for further proceedings as discussed

6  above.

7       3.   The Clerk of the Court shall serve this Decision and Order

8  and the Judgment herein on all parties or counsel.

9

10  DATED:   January 9, 2008

11                             _____/S/_____
                                 CARLA M. WOEHRLE
12                             United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10